

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
KENNETH J. MURPHY
CLERK

00 OCT 31  PM 2: 07

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

CLIFFORD D. WILLIAMS,

      Petitioner,

      v.

BETTY J. MITCHELL, WARDEN,

      Respondent.

CASE NO. C-1-99CV438

JUDGE SMITH

MAGISTRATE JUDGE KING

---

### PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENT'S CONTENTIONS OF PROCEDURAL DEFAULT

---

Petitioner hereby responds in opposition to Respondent's contentions, as set forth in the September 28, 2000 Return of Writ, that certain claims of Petitioner in his Petition for Writ of Habeas Corpus are procedurally defaulted. The Respondent desires that this Court apply the doctrine of procedural default to certain constitutional claims raised by Petitioner in this capital case so that those claims may be dismissed without being addressed on their merits. Petitioner asserts in response that all of his constitutional claims for relief should be substantively addressed by this Court.

The specific grounds in support of this Response in Opposition by Petitioner are set forth in the attached supporting memorandum.

1



Respectfully submitted,

W. JOSEPH EDWARDS - 0030048
(Trial Attorney)
501 S. High Street
Columbus, Ohio 43215
Phone: (614) 224-8166
Facsimile: (614) 224-8340
          and

DAVID H. BODIKER - 0016590
Ohio Public Defender

TIMOTHY R. PAYNE - 0069329
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998
Phone: (614) 466-5394
Facsimile: (614) 728-3670

2

## MEMORANDUM IN OPPOSITION TO
## RESPONDENT'S CONTENTIONS OF PROCEDURAL DEFAULT

### I. Background

On June 11, 1999, Petitioner filed his Petition for Writ of Habeas Corpus. On September 29, 2000, pursuant to the August 8, 2000 Scheduling Order of this Court, Respondent filed her Return of Writ.

Respondent's Return of Writ contains, with respect to each ground for relief asserted in the petition, a discussion of the "procedural posture" of each ground, and asserts, with respect to each ground and/or each subclaim contained in each ground, Respondent's position as to whether the ground and/or each subclaim is barred from federal habeas corpus review as a result of some state court procedural default or whether the ground and/or each subclaim is entitled to federal habeas corpus review by virtue of presentation to the state courts.

Pursuant to the recent scheduling order of this Court, this Memorandum in Opposition responds to those grounds or subclaims which Respondent claims are procedurally barred.

### II. Procedural Default Generally

#### General Principles

In 1963, in Fay v. Noia, 372 U.S. 391 (1963), the Supreme Court held that a federal habeas corpus court has the power, *i.e.* jurisdiction, to consider a petitioner's federal constitutional claim despite his failure to raise the claim properly in the state courts and the state courts' concomitant refusal to consider the claim on the merits. Fay v. Noia, however, recognized a federal habeas court's discretion to deny review to a claim if the petitioner had deliberately bypassed state procedures for review of that claim.

The Supreme Court began the demise of the "deliberate bypass" test in 1977 with the adoption of the "cause and prejudice" test of Wainwright v. Sykes, 433 U.S. 72 (1977). In Wainwright v. Sykes, which involved the habeas petitioner's failure to file a pretrial motion to suppress a confession under Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court followed the adequate and independent state ground doctrine -- which bars federal review of state court decisions resting on state substantive law -- to bar federal habeas corpus review of state court decisions relying on state procedural law absent a showing of cause and prejudice. 433 U.S. at 81-87.

The Supreme Court reaffirmed the principles adopted in Sykes in Engle v. Isaac, 456 U.S. 107 (1982). In Engle v. Isaac, where the habeas petitioners failed to make contemporaneous objection to jury instructions, the Supreme Court held that a habeas petitioner must show cause and prejudice to excuse a state procedural default.

The Supreme Court held in Murray v. Carrier, 477 U.S. 478 (1986), where appellate counsel failed to raise a substantive claim of error on appeal, that the cause and prejudice test of Sykes applies to defaults on appeal. The Court stated in Murray that ineffective assistance of counsel is cause for a procedural default, but added that the exhaustion doctrine requires a claim of ineffective assistance of counsel to be presented to the state courts as an independent claim before it can be asserted as cause for a procedural default. 477 U.S. at 488-489. In Murray the Supreme Court created an exception to the cause and prejudice test to correct a fundamental miscarriage of justice. The Court held that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Id. at 495-496.

4

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court affirmed the cause and prejudice test in holding that the deliberate bypass test of Fay v. Noia was expressly overruled in all cases in which a habeas petitioner has defaulted his federal claim in state court pursuant to an adequate and independent state procedural rule. In Coleman the Court applied the cause and prejudice test in a case where the habeas petitioner defaulted his entire postconviction appeal.

Maupin Test

In Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit Court of Appeals adopted a step-by-step analysis to apply procedural default principles. First, the federal habeas court must determine that there is, in fact, a state procedural rule that was applicable to the petitioner's claim and that the petitioner did, in fact, fail to comply with the rule. 785 F.2d at 138. Second, the federal court must determine whether the state courts actually enforced the state procedural sanction. Id. Third, the court must decide whether the state procedural sanction is an adequate and independent state ground upon which the state can rely to foreclose federal review of a constitutional claim. Id. And, fourth, the federal habeas court must determine whether the habeas petitioner can demonstrate that there was cause for the procedural default and that he was actually prejudiced by the alleged constitutional error. Id.

Maupin further defined the prejudice prong of the cause and prejudice test. First, the prejudice must be a result of the alleged constitutional violation and not a result of the failure to comply with the state procedural rule. Second, the burden is on the habeas petitioner to show he was prejudiced by the alleged constitutional error. And third, in analyzing a petitioner's contention of prejudice the habeas court should assume that the petitioner has stated a meritorious constitutional claim. Id. at 139. The Court in Maupin was careful to point out on the

last point that a habeas court must not conflate the prejudice determination with a review of the merits of the petitioner's constitutional claim. Rather, the question for a determination of prejudice is, assuming a meritorious constitutional claim, whether the petitioner has been prejudiced by such a constitutional violation. Id. at 139-140.

The procedural default analysis outlined in Maupin does not include what should be the fifth step adopted by the Supreme Court in Murray v. Carrier, 477 U.S. 478 (1986), the fundamental miscarriage of justice/actual innocence exception in the absence of a showing of cause and prejudice. Any complete analysis must include this step. Rust v. Zent, 17 F.3d 155, 162 (6th Cir. 1994).

1. Compliance with applicable state procedural rule

The first step of the Maupin analysis requires the federal habeas court to determine whether there was a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with the rule. This step of the analysis requires the court to determine as a preliminary matter whether there was, in fact, a state procedural rule in effect when the petitioner raised his claim. The state procedural rule must have been in effect and well established. Ford v. Georgia, 498 U.S. 411, 424 (1991); Blair v. Kentucky, 449 U.S. 962, 964 (1980) (new rule not in effect at the time of trial is not a bar to federal review of the claim).

This step also requires the court to determine as a matter of fact whether the petitioner did or did not comply with the state procedural rule. This entails a determination of whether the claim was raised, whether the claim was raised at the appropriate stage of state court proceedings, and whether the claim was fairly presented as a constitutional claim. A claim is "fairly presented" when state courts have been presented with the substance of the petitioner's federal habeas corpus claim and have been provided a fair opportunity to apply controlling legal

principles to the facts. Anderson v. Harless, 459 U.S. 4, 6 (1982); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991); Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987).

2. Enforcement of state procedural sanction

In the second step of the Maupin analysis the federal court must determine whether the state courts enforced a procedural bar to the review of petitioner's claim. When the state courts have been presented with the federal claim, the federal courts must determine whether the state courts enforced a procedural bar. In Harris v. Reed, 489 U.S. 255, 263 (1989), the Supreme Court adopted the "plain statement" rule of Michigan v. Long, 463 U.S. 1032 (1983), a decision involving the application of the adequate and independent state ground rule on direct appeal of a state court judgment. The rule was stated as follows:

> A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case " 'clearly and expressly' " states that its judgment rests on the state procedural bar.

489 U.S. at 263. In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court stated that pursuant to the "plain statement" rule of Harris v. Reed federal habeas courts "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion,' " quoting Michigan v. Long, 463 U.S. at 1040-1041. 501 U.S. at 734-735. The Supreme Court in Ylst v. Nunnemaker, 501 U.S. 797 (1991), held that where there is "one reasoned state court opinion or judgment which explicitly imposes a procedural default it will be presumed that later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." See also Couch v. Jabe, 951 F.2d 94, 96 (6th Cir. 1991); McBee v. Abramajtys, 929 F.2d 264, 267 (6th Cir. 1991).

3. Adequate and independent state ground

As previously discussed, the cause and prejudice test adopted in Wainwright v. Sykes, 433 U.S. 72 (1977), is based on the adequate and independent state ground doctrine. The contours of the adequate and independent state ground doctrine are well established. In Fox Film Corp. v. Muller, 296 U.S. 207 (1935), the Supreme Court summarized the doctrine as follows:

> [W]here the judgment of a state court rests upon two grounds, one of which is federal and the other non-federal in character, our jurisdiction fails if the non-federal ground is independent of the federal ground and adequate to support the judgment.

296 U.S. at 210. Whether a state ground is "independent" depends on whether it meets the "plain statement" rule originally adopted in Michigan v. Long, applied to habeas corpus petitions by Harris v. Reed, and as clarified by Coleman v. Thompson, above. That is to say, a state ground is not independent of the federal ground if it " 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.' " Coleman v. Thompson, 501 U.S. at 723.

Whether a state ground is adequate to foreclose federal review depends on whether the state rule is "firmly established and regularly followed state practice." Ford v. Georgia, 498 U.S. 411, 423-424 (1991), quoting James v. Kentucky, 466 U.S. 341 (1984); Warner v. United States, 975 F.2d 1207, 1213 (6th Cir. 1992). A state procedural rule "not strictly or regularly followed" is not adequate to bar federal review. Barr v. City of Columbia, 378 U.S. 146, 149 (1964). A rule not in effect and firmly established is not adequate, Ford v. Georgia, above, nor is a procedural rule never applied with the "pointless severity shown here." NAACP v. Alabama ex

8

rel. Flowers, 377 U.S. 288, 297 (1964). Under some circumstances a state procedure which is confusing may be inadequate to bar consideration of a claim. Sloan v. Delo, 54 F.3d 1371 (8th Cir. 1995). The Sixth Circuit has specifically held that a state rule is not an adequate rule where the rule was not regularly enforced at the time of petitioner's conviction. Rogers v. Howes, 144 F.3d 990, 995 n.5 (6th Cir. 1998). See also Mapes v. Coyle, 171 F.3d 408 (6th Cir. 1999) (state court decision rejecting ground for relief based upon faulty circular reasoning did not constitute adequate rule).

4. Cause and prejudice

The cause and prejudice test adopted in Wainwright v. Sykes has become defined in the Supreme Court's decisions applying the cause and prejudice test. In Murray v. Carrier, 477 U.S. 478, 488 (1986), the Court said "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." This includes a showing that a constitutional claim is so novel that its legal basis was not reasonably available to counsel, Reed v. Ross, 468 U.S. 1, 16 (1984), or a showing of interference by state officials, Brown v. Allen, 344 U.S. 443, 486 (1953).

The most common "cause" for a procedural default is, of course, the constitutionally ineffective assistance of counsel. Murray v. Carrier, 477 U.S. at 488-489; Rachel v. Bordenkircher, 590 F.2d 200, 203-204 (6th Cir. 1978). In the recent United States Supreme Court decision in Edwards v. Carpenter, ___ U.S. ___, 120 S.Ct. 1587 (2000), the Supreme Court held that in order for an ineffective assistance of appellate counsel claim to be utilized as "cause" to excuse default of an independent claim, the ineffective assistance of appellate counsel claim must itself have been exhausted as well as not procedurally defaulted in the state courts

(although a procedurally defaulted ineffective assistance claim can still serve as cause to excuse default of another claim if the petitioner can show "cause and prejudice" for the ineffective assistance claim).

The petitioner has the burden of establishing actual prejudice. United States v. Frady, 456 U.S. 152, 170 (1982). Maupin states that in meeting this burden the petitioner has the presumption that he has stated a meritorious constitutional claim. 785 F.2d at 139. Thus, in showing that the constitutional violation worked to his actual and substantial disadvantage, the petitioner's constitutional claim is presumed valid.

Also, in Murray v. Carrier, 477 U.S. 478, 495-496 (1986), the Supreme Court held that a federal habeas court may review a federal claim to correct "a fundamentally unjust incarceration" or "where a constitutional violation has probably resulted in the conviction of one who is actually innocent" even though the petitioner is not able to demonstrate cause and prejudice for a procedural default. In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court held that where constitutional violations at trial have resulted in the conviction of one who is actually innocent, fundamental considerations of justice require the examination of evidence not available or not presented at trial which shows a fair probability that no reasonable juror would have convicted the petitioner.

### III. Procedural Default in this Case

Respondent contends procedural default applies to nine (9) of Petitioner's twenty-three (23) asserted grounds, or subclaims thereunder, for relief. Petitioner responds specifically to each contention as follows:

1. **Ground Four** - Trial Court Error for Failing to Preserve Witness's Statement

In her Return of Writ, the Respondent contends that Ground Four of Petitioner's habeas petition should be deemed procedurally defaulted by this Court.  In Ground Four Petitioner asserts that the trial court committed constitutional error by refusing to provide to defense counsel and refusing to preserve for the record a written statement of State witness James Trivett. Respondent correctly notes that this claim was not raised on direct appeal to the Ohio Court of Appeals (12th District) but was raised on direct appeal before the Ohio Supreme Court.  The Respondent also correctly notes that the Ohio Supreme Court, in addressing this issue, stated that the failure to raise the issue on direct appeal below constituted a waiver of the issue.

The Respondent failed to note, however, that the Ohio Supreme Court went on to state that, "Nevertheless, we will review the allegation," and  proceeded to address the merits of the claim.   Thus, procedural default does not apply as the second prong (enforcement of the state procedural bar) of the Maupin test  is not met.    The second prong of the test is not met because, pursuant to the authority of  Harris v. Reed, 489 U.S. 255, 263 (1989), there is no "plain statement" clarifying that the decision rests upon application of the state procedural sanction.  It is true that a state court is not precluded from making  alternative holdings in this context.  Id., at 264, n. 10.  However, for procedural default to apply, the last state court rendering a judgment in the case must "clearly and expressly" state that its judgment rests on the state procedural bar. Id., at 266.  In this instance, there is no "clear or express" language in the Ohio Supreme Court's opinion demonstrating that their decision addressing the merits of Ground Four is an alternative holding.  Indeed, the Ohio Supreme Court's use of the language "Nevertheless we will review the allegation" suggests an intent to forego application of the procedural bar in order to get at the merits of the claim.   At the very least, the language leaves the matter unclear.

Alternatively, even if the second prong of the Maupin test is deemed to have been met, procedural default does not apply as Petitioner can show cause for the default and prejudice therefrom. The cause for the default is the ineffective assistance rendered by Petitioner's appellate counsel in failing to raise the issue on the initial direct appeal to the Ohio Court of Appeals for the Twelfth District. See Petitioner's Petition for Writ of Habeas Corpus, Ground Fourteen, para. 240 (subpart 28). This claim was properly raised by Petitioner's new counsel before the Ohio Supreme Court on direct appeal. See May 13, 1994 Merit Brief of Appellant, Proposition No. XXXI, p. 208. The prejudice results from the underlying constitutional violation caused by the trial court's refusal to preserve for appeal the statement of state witness James Trivett. As noted in the general procedural default discussion above, for purposes of default analysis this constitutional claim should be presumed to be meritorious.

2. **Ground Seven** – Trial Court Error for Allowing Prosecutor to Improperly Argue Nature and Circumstances of Offense as Aggravating Factor

Respondent contends that Ground Seven of Petitioner's habeas petition should be deemed procedurally defaulted by this Court. In Ground Seven Petitioner asserts that the trial court erred in violation of his constitutional rights by permitting the state to argue before the jury that, contrary to the dictates of the Ohio Death Penalty statutory scheme, the nature and circumstances of the offense were aggravating factors. Respondent contends that this claim for relief has been defaulted because Petitioner failed to raise this claim on direct appeal. Respondent is mistaken.

In his initial direct appeal from his conviction, Petitioner raised as claims for relief both prosecutorial misconduct and trial court error stemming from the prosecution's unconstitutional closing arguments. See March 18, 1993 Brief of Appellant before the Ohio Court of Appeals for the Twelfth District, Eighth Assignment of Error, pp. 34-36. Petitioner's argument specifically included that the prosecution had intimated that the severity of the wounds suffered by the victim

12

constituted an aggravating circumstance. See Id., at 36.  Petitioner asserted that this violated state law in Ohio, the United States Constitution, and Petitioner's right to a fair trial and a fair sentencing hearing. Id. at 36. Petitioner also claimed that the trial court erred in not granting a mistrial based on such misconduct by the prosecution. Id. at 36.  The Petitioner again raised as an error misconduct by the prosecution throughout all stages of Petitioner's trial -- including during closing argument at the penalty phase though not directly identifying the specific claim at issue here -- in his direct appeal to the Ohio Supreme Court. See May 13, 1994 Merit Brief of Appellant, Proposition No. Six, pp. 49-80.

Furthermore, Petitioner raised the claim of trial court error in this regard in his state post-conviction petition. See Petitioner's September 20, 1996 Petition to Vacate or Set Aside Judgment and/or Sentence, Fifteenth Claim for Relief. Petitioner properly raised this claim in connection with evidence introduced *dehors* the record, *i.e.*, referencing in particular the affidavit of a linguistics expert (Exhibit L attached to Petitioner's September 20, 1996 Petition to Vacate or Set Aside Judgment and/or Sentence), the instructions provided to the jury, as well as other exhibits.  Pursuant to Ohio procedural law, a claim involving evidence *dehors* the record is properly raised during post-conviction proceedings. See Ohio v. Coleman, 707 N.E.2d 476, 483 (Ohio 1998) (any allegations of ineffectiveness based on facts not appearing in record should be reviewed through post-conviction remedies of O.R.C. § 2953.21); Ohio v. Keith, 684 N.E.2d 47, 67 (Ohio 1997); State v. Lawson, 659 N.E.2d 362 (Ohio 1995).

### 3. **Ground Ten (subclaim a only)** - Ineffective Assistance of Counsel at Mitigation

Respondent contends that subclaim (a) of Ground Ten of Petitioner's habeas petition should be deemed procedurally defaulted by this Court.  In  subclaim (a) Petitioner asserts that his constitutional rights were violated by defense counsel's ineffective assistance at the

mitigation phase of his trial.  Respondent contends that this claim should be defaulted because it was not raised by Petitioner on direct appeal.  Petitioner, however, properly raised this claim in his state post-conviction petition filed with the Butler County Court of Common Pleas (see Petitioner's September 20, 1996 Petition to Vacate or Set Aside Judgment and/or Sentence, Fifth Claim for Relief), which he subsequently properly appealed to the Twelfth District Court of Appeals and to the Ohio Supreme Court.

It is well recognized that claims of ineffective assistance of counsel are properly raised, and indeed best brought, in a post-conviction petition where the parties can develop an adequate record on the issue.  See United States v. Hill, 142 F.3d 05, 308 (6th Cir. 1998); United States v. August, 984 F.2d 705, 711 (6th Cir. 1992);  see also United States v. Wilson, 27 F.3d 1126, 1133 (6th Cir. 1994) (ineffective assistance of counsel claims would not be reviewed on direct appeal because record was silent as to counsel's trial strategy).  This is because ineffective assistance of trial counsel claims typically involve evidence *dehors* the record.  Indeed, such claims are frequently supported by affidavits (such as from witnesses whom counsel failed to contact and interview) as was the case here.

Moreover, the state post-conviction trial court recognized that this claim was properly before it and did not dismiss the claim based on procedural grounds but instead addressed the claim on its merits.  See July 14, 1997 Decision and Entry of Judgment Dismissing the Defendant's Petition for Post-Conviction Relief, pp. 10-11.  On appeal from this decision, the Twelfth District Court of Appeals of Ohio also addressed this claim on the merits.[1]  See June 22, 1998 Opinion of Twelfth District Court of Appeals, pp. 8-9.  Thus, the second prong of the Maupin test is not met in this instance because there was no enforcement by the state court of a

14

procedural sanction.   In other words, the last state court rendering a judgment in this case not only failed to "'clearly and expressly'" state that its judgment as to this claim rested on a state procedural bar, but also failed to state that its judgment rested on a procedural bar at all.   As the Supreme Court has stated, "if the state court under state law chooses not to rely on a procedural bar ..., then there is no basis for a federal habeas court's refusing to consider the merits of the federal claim." Harris v. Reed, 489 U.S. at 265, n.12.

### 4. **Ground Eleven (subclaim (b) only)** Ineffective Assistance of Counsel – Failure to Present Ballistics Expert

Respondent contends that subclaim (b) of Ground Eleven of Petitioner's habeas petition should be deemed procedurally defaulted by this Court.   In  subclaim (b) Petitioner asserts that his constitutional rights were violated by defense counsel's ineffective assistance at trial in failing to present any scientific evidence regarding the shell cases or cartridges found at the respective scenes of the two subject offenses.   Respondent contends that this claim should be defaulted because it was not raised by Petitioner on direct appeal.   Petitioner did raise the claim in his state post-conviction petition.

As with Petitioner's Ground Ten, subclaim (a) above, there was no enforcement of any procedural bar by the Ohio Courts regarding this claim.   In the post-conviction trial court's decision denying relief, the trial court did not apply a procedural bar to the claim but instead addressed the claim on the merits.  See July 14, 1997 Decision and Entry of Judgment Dismissing the Defendant's Petition for Post-Conviction Relief, pp. 6-9.  On appeal from this decision, the Twelfth District Court of Appeals of Ohio also addressed this claim on the merits. See June 22, 1998 Opinion of Twelfth District Court of Appeals, pp. 7-8.   Thus, again, the last

---

[1] Subsequently, on October 7, 1998, the Ohio Supreme Court denied *certiorari* regarding Petitioner's appeal.  The Ohio Supreme Court thereafter denied Petitioner's motion to reconsider on November 18, 1998.

state court rendering a judgment on this claim did not rest its judgment on a procedural bar. The second prong of the Maupin test is not met and procedural default cannot apply.

5. **Ground Sixteen (subclaim (a) only)** - Prosecutorial Misconduct for Using Peremptory Challenge to Excuse Death-scrupled Jurors

Respondent contends that subclaim (a) of Ground Sixteen of Petitioner's habeas petition should be deemed procedurally defaulted by this Court. In subclaim (a) Petitioner asserts that his constitutional rights were violated by the prosecution's improper use of peremptory challenges to exclude jurors who merely had scruples about imposing the death penalty. Respondent contends that this claim should be defaulted because it was not raised by Petitioner on direct appeal. Respondent is mistaken. Petitioner raised this claim in his direct appeal to the Ohio Supreme Court. See May 13, 1994 Merit Brief of Appellant, Proposition No. XXIX, pp. 194-197.

Furthermore, there again was no actual enforcement of a procedural sanction by the Ohio Supreme Court -- the last state court rendering judgment -- regarding this claim. The Ohio Supreme Court instead addressed the merits of this claim. See State v. Williams, 652 N.E.2d at 734 (1995). Thus, again the second prong of the Maupin test is not met and procedural default cannot apply to this claim.

6. **Ground Seventeen (subclaim (c) only)** - Trial Court Error in Denying Various Defense Pretrial Motions

Respondent contends that subclaim (c) of Ground Seventeen of Petitioner's habeas petition should be deemed procedurally defaulted by this Court. In subclaim (c) of Ground Seventeen, Petitioner asserts that the trial court committed constitutional error in denying numerous other pre-trial motions (totaling six in number) in addition to the motions identified in

16

Ground Seventeen, sublcaims (a) and (b) (motions to suppress evidence and witness identifications) filed by defense counsel.

Respondent contends default should apply to this claim because "[i]t does not appear that [this] subclaim of Williams' Seventeenth ground for relief has heretofore been presented to a single court." Respondent's Return of Writ, p. 102. Respondent is again mistaken. All of the six pre-trial motions identified in subclaim (c) for which Petitioner claims the trial court erred in denying were raised by Petitioner on direct appeal. Petitioner raised each of these claims in his Sixth Assignment of Error in his direct appeal to the Twelfth District Court of Appeals (see March 18, 1993 Brief of Appellant, pp. 31-33). Petitioner also raised as error the denial of one of the six pre-trial motions (pertaining to the pre-trial motion to compel the prosecutor's file be submitted for in camera review) in his Proposition of Error No. XVII in his direct appeal to the Ohio Supreme Court. See May 13, 1994 Merit Brief of Appellant, pp. 129-134. The Ohio Supreme Court addressed the merits of this particular claim. See State v. Williams, 652 N.E.2d at 736-37 (1995). This claim is clearly not subject to procedural default.

It does appear that Petitioner waived the other five of his six claims raised under Ground Seventeen, subpart (c) in his federal habeas petition by not raising them in the Ohio Supreme Court. See Coleman v. Thompson, 501 U.S. 722, 729 (1991); Leroy v. Marshall, 757 F.2d 94, 100 (6th Cir. 1985). Consequently it appears that these particular claims are subject to application of the procedural default doctrine unless this Court finds that either 1) cause and prejudice exists to excuse the default; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. See discussion in part II., Procedural Default Generally, herein.

7. **Ground Twenty-two** - Ohio Death Penalty Statute is Unconstitutional

Respondent contends that Ground Twenty-two of Petitioner's habeas petition should be deemed procedurally defaulted by this Court. In Ground Twenty-two Petitioner challenges the constitutionality of the Ohio Death Penalty Statute. In so doing Petitioner presents a number of arguments in support of his position. Referring to each argument as a separate claim, Respondent states that most, but not all, of these claims were fairly presented to the Ohio Supreme Court. The Respondent states that procedural default applies to the following four specific arguments because they were not raised by Petitioner on direct appeal: 1) Ohio's death penalty statute is unconstitutional as it fails to require premeditation or deliberation as the culpable mental state in all capital trials; 2) Ohio's death penalty statute is unconstitutional as the bifurcated trial requirement with the same jury denies defendant an impartial jury; 3) Ohio's death penalty statute is unconstitutional as it encourages guilty pleas; and 4) Ohio's death penalty statute is unconstitutionally cruel and unusual as it allows for death by electrocution.

Respondent is again mistaken. While one of the four arguments (regarding bifurcation employing the same jury) appears not to have been properly raised in state court, the other three were properly raised. With respect to his argument pertaining to requisite intent, Petitioner explicitly stated in his direct appeal to the Ohio Supreme Court that the Ohio statutory scheme does not meet constitutional requirements "by failing to require the conscious desire to kill, or premeditation and deliberation as the culpable mental state . . . . " See May13, 1994 Merit Brief of Appellant, p. 225. Petitioner also raised his claim regarding the statute's encouraging of guilty pleas on direct appeal to the Ohio Supreme Court. See May 13, 1994 Merit Brief of Appellant, p. 227-28. Moreover, these arguments were addressed on their merits on direct appeal by the Ohio Supreme Court. See State v. Williams, 652 N.E.2d at 737 (1995). In its decision the Ohio Supreme Court made no mention of any procedural rule barring these claims.

Thus, the second prong of the Maupin test is not met and default does not apply as there was no enforcement by the state courts of a procedural bar to these claims.

Regarding his argument that death by electrocution is unconstitutional, Petitioner raised this claim in his state post-conviction petition. See September 20, 1996 Petition to Vacate or Set Aside Judgment and/or Sentence, Tenth Claim for Relief. This argument or claim was appropriately raised in state post-conviction proceedings as it involved evidence *dehors* the record. Indeed, Petitioner cited to and attached as exhibits a multitude of articles, affidavits, transcripts, *etc.*, as evidence in support of this argument. Id. In addressing this claim, the post-conviction trial court's decision appeared to rely primarily on the lack of merits of the claim. (See July 14, 1997 Decision and Entry of Judgment Dismissing the Defendant's Petition, pp. 15-16). Petitioner properly raised this claim on his post-conviction appeal to the Ohio Twelfth District Court of Appeals.

The appellate court's treatment of the issue essentially mirrored that of the trial court's. See June 22, 1998 Opinion of the Court of Appeals for the Twelfth Appellate District, p. 12. Thus, there was no clear or express statement by the state court demonstrating its reliance on a procedural sanction to bar consideration of the merits of the claim. Even it is assumed that the state court did rest its decision on the grounds of a procedural default, such was not an adequate state ground and thus did not meet prong three of the Maupin test since the state law procedural rule is not one that is a "firmly established and regularly followed state practice." Ford v. Georgia, 498 U.S. 411, 423-424 (1991), quoting James v. Kentucky, 466 U.S. 341 (1984). Indeed, when the claim involves presentation of evidence *dehors* the record, as was the case here, state practice is that such claim is appropriately raised not on direct appeal but in state post-conviction. See *Ohio v. Coleman*, 707 N.E.2d 476, 483 (Ohio 1998) ("any allegations of

19

ineffectiveness based on facts not appearing in the record should be reviewed through the post-conviction remedies of O.R.C. § 2953.21").

      8. **Ground Twenty-three** - Ohio's Post-Conviction Relief Process is Inadequate

      Respondent contends that Ground Twenty-three of Petitioner's habeas petition should be deemed procedurally defaulted by this Court. In Ground Twenty-three Petitioner asserts that Ohio's post-conviction process is inadequate in that it does not provide capital defendants a meaningful opportunity -- due to the failure of Ohio courts to allow any discovery, funds for assistance, or evidentiary hearing in post-conviction proceedings -- to redress violations of their state and federal rights. Respondent contends that this claim was never raised in any state court at any stage.

      The Petitioner raised this claim in his Assignments of Error No. 2 and No. 4 in his appeal of the state trial court's decision denying his post-conviction petition. See February 24, 1998 Merit Brief of Appellant, pp. 12-23 and 30-33. Assignment of Error No. 2 asserted a violation of Petitioner's constitutional rights due to the post-conviction trial court's refusal to allow Petitioner to conduct discovery of facts necessary to support his claims and refusal to afford an evidentiary hearing where his petition raised constitutional claims which depend on factual allegations that cannot be determined from the record. Assignment of Error No. 4 asserted a violation of Petitioner's constitutional rights due to the post-conviction trial court's denial of Petitioner's request for funds to employ a ballistics expert and a cultural (mitigation) expert. Obviously, the nature of these claims are such that Petitioner raised them at the first available opportunity.

      In its cursory decision addressing these claims, the Court of Appeals (Twelfth Appellate District of Ohio) did not unambiguously state any reliance on a procedural default in rejecting the claims. See June 22, 1998 Judgment Entry of Court of Appeals, Twelfth Appellate District

of Ohio. Thus, pursuant to Harris v. Reed, 489 U.S. 255, 263 (1989), procedural default does

not apply. Further, any state rule applied to bar these claims would not constitute an "adequate"

state ground as it would not allow a reasonable opportunity to have the issue as to the claimed

federal right heard and determined by the state court in the circumstances of the case. See James

S. Liebman and Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 26.2d(6) (3rd ed.

1994), and cases cited therein.

9. **Ground Twenty-four** - Motion to Complete the Record

Respondent contends that Ground Twenty-four of Petitioner's habeas petition should be

deemed procedurally defaulted by this Court. Petitioner's Ground Twenty-four asserts that the

Ohio Supreme Court erred in denying Petitioner's October 19, 1993 Motion to Supplement the

Record which Petitioner filed for purposes of his appeal. The Ohio Supreme Court denied the

motion in a three-line entry without elaboration. In his merit brief before the Ohio Supreme

Court on direct appeal, Petitioner raised this claim as a constitutional error. See May 13, 1994

Merit Brief of Appellant, Proposition of Law III, pp.32-44.

Respondent is correct in noting that, in addressing this claim on direct appeal, the Ohio

Supreme Court indicated that Petitioner's appellate counsel had not filed its request timely and

that such a request could be waived. The Ohio Supreme Court, however, went on to state that:

> Furthermore, some of the matters that appellant now wishes to add
> were never part of the trial court's proceedings, and as to these
> items, a reviewing court may not supplement the record before it
> with new matter that was not part of the trial court's proceedings
> and then decide the appeal on the basis of the new matter. [Citing
> State v. Ishmail, 377 N.E.2d 500, paragraph one of the syllabus
> (1978)]. Transcripts from appellant's initial appearance and the
> preliminary hearing were not before the trial court by way of
> evidence or otherwise, and should not be relied upon by this court
> in determining whether the trial court erred. Likewise, the
> arraignment in the court of common pleas was not part of the trial
> court's proceedings and should not be considered here.

State v. Williams, 652 N.E.2d 721, at 728-29 (1995).

Based on this language, the Ohio Supreme Court's treatment of the claim is at least ambiguous. The court fails to "clearly and expressly " state that its judgment rests on the state procedural bar, and thus fails to satisfy the "plain statement" rule pursuant to Harris v. Reed, 489 U.S. 255, 263 (1989), discussed previously herein. Procedural default does not apply.

In any event, Petitioner is able to show both cause and prejudice to excuse any default of this claim. As noted earlier herein, the most common cause for a procedural default is constitutionally ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488-489 (1986). In this instance, Petitioner properly raised a claim of ineffective assistance of appellate counsel for failing to timely and appropriately act to ensure the existence of an adequate record. This claim was properly raised by new counsel on direct appeal to the Ohio Supreme Court. See May 13, 1994 Merit Brief of Appellant, p. 207, para. 22. In its decision, the Ohio Supreme Court addressed in general fashion the merits of Petitioner's ineffective assistance of appellate counsel claim, but failed to make any mention, either substantively or procedurally, of Petitioner's specific claim regarding appellate counsel's failure to ensure an adequate record.[2] Thus, Petitioner's claim of ineffective assistance of appellate counsel was properly presented in state court and serves as the "cause" to excuse any default or waiver of this claim.

"Prejudice" exists because this error has denied Petitioner the opportunity to have a complete record so that the required review of his capital case can be fulfilled. This is an issue of constitutional magnitude (see Dobbs v. Zant, 506 U.S. 357 (1993)) and thus the requisite

---

[2] It appears that the Ohio Supreme Court desires to have it both ways. On the one hand the Ohio Supreme Court found no error in the denial of appellant's motion to supplement the record on the basis that appellate counsel performed deficiently in not timely filing the request. Yet, in the same opinion, the Ohio Supreme Court completely ignored Petitioner's claim of ineffective assistance of his appellate counsel for performing deficiently in this regard.

prejudice is demonstrated. Any default of this claim should therefore be excused and this Court should address this claim on its merits.

## IV. Conclusion

Based on the above, the Petitioner in this death penalty case respectfully requests that all of constitutional claims for habeas relief raised in his Petition for Writ of Habeas Corpus be addressed by this Court on their merits.

Respectfully submitted,

W. JOSEPH EDWARDS - 0030048
(Trial Attorney)
501 S. High Street
Columbus, Ohio 43215
Phone: (614) 224-8166
Facsimile: (614) 224-8340
                and

DAVID H. BODIKER - 0016590
Ohio Public Defender

TIMOTHY R. PAYNE - 0069329
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998
Phone: (614) 466-5394
Facsimile: (614) 728-3670

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENT'S CONTENTIONS OF PROCEDURAL DEFAULT and SUPPORTING MEMORANDUM was served by regular U.S. Mail, postage prepaid on Stuart A. Cole, Assistant Attorney General, Capital Crimes Section, 30 East Broad Street - 26th Floor, Columbus, Ohio 43215-3428, on this _3/ˢᵀ_ day of October, 2000.

TIMOTHY R. PAYNE
Counsel for Petitioner