


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLIFFORD WILLIAMS,

        Petitioner,

vs.                              Civil Action 1:99-CV-438
                                     Judge Smith
                                     Magistrate Judge King

BETTY MITCHELL, Warden,

        Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, brings this action for a writ of habeas corpus under 28 U.S.C. §2254. This matter is now before the Court on petitioner's October 13, 2000, motion for leave to conduct discovery and for expert funds.

Respondent objects to the motion, contending that the discovery sought, which respondent characterizes as voluminous, does not relate to any particular factual allegations reflected in the petition. Respondent also contends that petitioner has not established that he was denied a fair opportunity to develop the record before the state courts.

Petitioner was convicted by a jury of aggravated murder with capital specifications and of aggravated robbery in connection with the August 1990 robbery and murder of taxi cab driver Waymon Hamilton in Hamilton, Ohio. He was also convicted of felonious assault and aggravated robbery with firearm specifications in connection with the alleged August 1990 shooting and robbery of Jeffrey Wallace.

During the course of his post-conviction action, *State v. Williams*, CR-90-08-0665 (Ct. Comm. Pl., Butler Cy., 1997), J.A., Vols. V-VIII, petitioner sought and was denied funds to employ a cultural expert and a ballistics expert. J.A., Vol. VII, pp. 58-61. The Ohio Court of Appeals for Butler County affirmed that decision, as well as the trial court's denial of an evidentiary hearing. J.A., Vol. VIII, pp. 94-108. On appeal to the Ohio Supreme Court, petitioner argued, *inter alia*, that the trial court's denial of discovery and an evidentiary hearing denied petitioner an adequate corrective process for his constitutional claims. J.A., Vol. VIII, pp. 133, *et seq*. The Ohio Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question. *State v. Williams*, Case No. 98-1587 (Oct. 7, 1998), J.A., Vol. VIII, p. 284. This Court concludes that petitioner was not afforded a fair opportunity to develop the record before the state courts.

In his motion, petitioner seeks leave to depose: one of the witnesses who testified against petitioner at his state court trial, his trial attorneys and the assistant prosecutors who participated in his trial, the Butler County official with responsibility for jury selection and the Butler County official most familiar with the Law Enforcement Automated Data System ["LEADS"]. He also seeks production of documents relating to: the juror selection process in Butler County from 1981 to the present, the actual composition of jury venires and selected petit juries in all capital cases prosecuted by Butler County from 1981 to the present, the identity of persons whose fingerprints were found in the victim's taxi cab, ballistics evidence for purposes of independent

2

testing, and all prosecutorial files and notes. Petitioner also asks for funding to retain the services of a legal expert experienced in defending capital cases.

There is no absolute right to discovery in a federal habeas corpus proceeding. *See Bracy v. Gramley,* 520 U.S. 899, 904 (1997). A court may, in its discretion, allow discovery only if the petitioner establishes "good cause" for such a request. Rule 6 of the Rules Governing Section 2254 Cases. Moreover, petitioner may not rely solely on discovery to develop his claims; discovery may be authorized when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy,* 520 U.S. at 908-09, *citing Harris v. Nelson,* 394 U.S. 286, 299 (1969). *See also Lott v. Coyle,* __ F.3d __, 2001 WL 930028*5 (6th Cir., August 17, 2001); *Linott v. Story,* 929 F.2d 228, 232 (6th Cir. 1991). Petitioner need not establish that the requested discovery would necessarily lead to relief; he must establish only that the evidence sought would be relevant to the petition. Moreover, discovery is appropriate, not only to develop those claims properly before the court, but to obtain a factual basis upon which to excuse any procedural default or to determine whether or not to request an evidentiary hearing. *See Payne v. Belle,* 89 F.Supp.2d 967, 969 (W.D. Tenn. 2000).

Petitioner seeks leave, first, to depose Jeffrey Wallace, who was the alleged victim of the felonious assault charge and who testified against petitioner at trial. Petitioner argues that the deposition of Wallace may assist the Court in resolving the merits of a number of his

3

claims, most of which, the respondent concedes, are properly before the Court for consideration on the merits. Petitioner specifically argues that this witness has, over the years, provided differing versions of the events of August 1990. *Petitioner's Motion for Leave to Conduct Discovery and For Expert Funds*, at 9. His recent statements, according to petitioner, "indicate [that] his testimony regarding the August 6th incident was inaccurate and mischaracterized the events that actually took place." *Id.*, at 10. This Court concludes that the testimony of Jeffrey Wallace is relevant to a number of the claims properly before the Court for resolution and petitioner's request to conduct this discovery is meritorious.

Petitioner also asks leave to depose his trial counsel in connection with his claims of ineffective assistance of counsel, which are likewise before the Court for consideration of the merits. As it relates to these depositions, the request for discovery is meritorious. For similar reasons, petitioner may depose the assistant county prosecutors, but only in connection with petitioner's claim that the prosecution failed to provide relevant discovery regarding Jeffrey Wallace.[1]

Petitioner also seeks to depose the Butler County Jury Commissioner from 1981 to the present. Because this discovery relates to petitioner's claim challenging the racial composition of the petit jury in his case, the Court will permit the requested deposition limited,

---

[1]Petitioner also seeks leave to inquire into the use of LEADS by one of the assistant prosecuting attorneys. However, petitioner concedes that the petition presents no claim based on such alleged misconduct. *Petitioner's Motion for Leave to Conduct Discovery and for Expert Funds*, at 20. The Court will not permit this discovery under these circumstances.

4

however, to a reasonable time period -- *i.e.*, one (1) year prior to and six (6) months after petitioner's trial.

Petitioner seeks the production of certain categories documents. The Court will permit such discovery as it relates to: petit juror selection in capital cases in Butler County, limited to the time period described above; the identity of persons whose fingerprints were found in the victim's taxi; ballistics evidence; and prosecutorial files and documents that relate to Jeffrey Wallace.

Petitioner also seeks funding to retain the expert services of a lawyer experienced in defending capital cases. Under 21 U.S.C. §848(a)(4)(B) and §848(q)(9), this Court may authorize the expenditure of funds for experts that are "reasonably necessary" for the representation of petitioner. *See also Bonnin v. Calderon*, 59 F.3d 815, 837 (9th Cir. 1995), *cert. denied,* 516 U.S. 1051 (1996).

The Court is not persuaded that the assistance of a legal expert is warranted in this case. Ultimately, the reasonableness of a lawyer's representation of a criminal defendant is a question of law to be decided by the Court. To a large extent, the prevailing professional standards governing attorney practice in defense of criminal cases have been addressed in the pertinent case law. *See Noland v. French*, 134 F.3d 208, 217 (4th Cir.), *cert. denied,* 525 U.S. 851 (1998) [Petitioner not prejudiced by state courts' refusal to allow an "attorney" expert to testify about the general standard of practice in capital trials]. The Court will therefore deny petitioner's request in this regard, without prejudice, however, to a subsequent determination that the assistance of an attorney expert would be beneficial, either to the determination of

5

whether an evidentiary hearing is warranted, or to a decision on the merits of petitioner's claims.

Petitioner's request for expert funds is DENIED. Petitioner's motion for leave to conduct discovery is GRANTED on the terms stated herein.

All such discovery shall be completed within ninety (90) days of the date of this order.

_____
George C. Smith, Judge
United States District Court