# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CLIFFORD D. WILLIAMS,**

    **Petitioner,**        Case No. 1:99-cv-438

**v.**                              JUDGE MICHAEL H. WATSON

**BETTY MITCHELL, Warden,**    Magistrate Judge Kimberly A. Jolson

    **Respondent.**

## SHOW CAUSE ORDER

Final judgment dismissing this capital habeas corpus action was entered on April 14, 2022. ECF No. 137. On May 31, 2022, the Court reopened the case to consider motions involving changes in the status of counsel, as well as the pending post-judgment Motion to Alter/Amend under Fed. Rule of Civil Procedure 59(e) and/or Motion for Relief Under Rule 60(b). ECF No. 143. This matter is before the Court *sua sponte* to address matters related to the appointment of new counsel.

On July 25, 2022, the Court granted motions to withdraw as counsel for Petitioner, filed by Attorney W. Joseph Edwards and Attorneys Kimberly Rigby and Rachel Troutman of the Ohio Public Defender's Office ("OPD"). ECF No. 144. The basis for the motion to withdraw, at least as it related to the attorneys from the OPD, was their assertion that the OPD had abandoned Petitioner during these habeas proceedings. Based on those assertions, the Court appointed the

Capital Habeas Unit for the Federal Public Defender, Northern District of Ohio ("CHU"), as new counsel for Petitioner.

On August 1, 2022, Attorney Joseph E. Wilhem of the Northern District CHU entered his appearance as lead counsel for Petitioner. ECF No. 145. This Court is aware that Attorney Wilhelm previously worked in the death penalty division of the OPD, possibly in a supervisory role. In view of the OPD's own allegations about the conduct of its attorneys in representing Petitioner, the Court hereby **DIRECTS** Attorney Wilhem to **SHOW CAUSE**, within ten days from the date of this Order, why he should not be substituted for a different attorney within the Northern District CHU who does not have prior affiliation with the death penalty unit of the OPD during the relevant time period that the OPD represented Petitioner. Any attorney representing Petitioner must certify that no conflict exists, and that the attorney has no prior relationship, including any supervisory role, with Petitioner's case during the time Petitioner was represented by the OPD.

Further, the Court notes that 18 U.S.C. §§ 3599(a) and (d) allow for the appointment of "one or more attorneys" to represent an indigent inmate challenging a state capital judgment. If the CHU does not intend to have more than one attorney from the unit file a notice of appearance, this Court will entertain any motion by the CHU either requesting the Court to appoint outside co-counsel or explaining why the appointment of any additional co-counsel is

unnecessary. Any counsel from the CHU who file a notice of appearance shall designate whether they are representing Petitioner as lead counsel or co-counsel.

Finally, as a general housekeeping issue, the Clerk is **DIRECTED** to terminate all prior counsel for Petitioner other than the attorneys from the Capital Habeas Unit of the Federal Public Defender's Office. This shall include Attorneys David Bodiker and Gregory Meyers.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON**
**United States District Judge**