IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD D. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) Case No. 1:99-cv-438 |
| | ) |
| -vs- | ) JUDGE MICHAEL H. WATSON |
| | ) |
| BETTY MITCHELL, Warden, | ) Magistrate Judge Kimberly A. Jolson |
| | ) |
| Respondent. | ) Death Penalty Case |

**PETITIONER CLIFFORD D. WILLIAMS'S MOTION FOR LEAVE TO FILE AN AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Federal Rule of Civil Procedure 15, Petitioner Clifford D. Williams, by and through counsel, respectfully requests that the Court grant him leave to file an amended habeas corpus petition. If granted, Mr. Williams will promptly file the proposed Amended Petition, attached as **Exhibit A**. A Memorandum in Support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

STEPHEN C. NEWMAN (0051928)
Federal Public Defender

/s/ Joseph E. Wilhelm
JOSEPH E. WILHELM (0055407)
Lead Counsel
Assistant Federal Public Defender

/s/ Alan C. Rossman
ALAN C. ROSSMAN (0019893)
Director, Capital Habeas Unit
Office of the Federal Public Defender
Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113

/s/ Tiana S. Bohanon
TIANA S. BOHANON (0100435)
Research and Writing Attorney

/s/ Aaron Shaum
AARON SHAUM (0102758)
Research and Writing Attorney
Office of the Federal Public Defender
Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856; (216) 522-1951 (f)

(216) 522-4856; (216) 522-1951 (f)      Tiana_Bohanon@fd.org
Joseph_Wilhelm@fd.org      Aaron_Shaum@fd.org
Alan_Rossman@fd.org

***Counsel for Petitioner Clifford D. Williams***

**MEMORANDUM IN SUPPORT**

**I. Introduction.**

Federal Rule of Civil Procedure 15 provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010). Pursuant to Local Civil Rule 7.3(b), the Warden has already indicated their opposition to amendment. (Warden's Response, ECF 163, PageID 6486.) Consistent with the plain language of the rule, courts have liberally granted requests to amend under Rule 15 so long as the proposed amendments relate back to the filing of the initial petition. *See, e.g.*, *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). As a result, the Court should grant Mr. Williams leave to amend his petition.

**II. Mr. Williams's proposed amendments relate back to his original petition.**

Mr. Williams's proposed amendments relate back to his original petition. His proposed amendments allege that the State withheld exculpatory impeachment evidence and presented false testimony from its key witness, Jeffrey Wallace. (*See* Exhibit A.)

Relation back of an amended pleading is proper when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Relation back in habeas corpus proceedings is "consistent with the general application of Rule 15(c)(2) in civil cases[.]" *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Thus, claims relate back when they "are tied to a common core of operative facts." *Id.* Thus, "a new legal theory tied to the same operative facts as those initially alleged" is an "unremarkable application of the relation-back rule." *Id.* at 658 fn. 5. Relation back is improper when the new claims differ in "both time and type." *See id.* at 657. But, an amended pleading

1

may allege a new legal theory for relief or new operative facts so long the operative facts are not "entirely different." *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248–49 (6th Cir. 2000). Thus, Rule 15(c)(2)'s requirements are "general, non-technical requirements" which allows the amendment of a pleading to include claims that "fit comfortably" with the claims alleged in the initial pleading. *Id.* at 249–50.

Here, Mr. Williams's amended Third Ground for Relief relates back to his initial petition. There, Mr. Williams alleged that the State had failed to turn over impeachment evidence regarding Wallace in violation of the rule set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). (Petition, ECF 18, PageID 5555–57.) Likewise, Mr. Williams's amended Third Ground for Relief alleges that the State failed to disclose impeachment evidence regarding Wallace. (*See* Exhibit A; Petitioner's Merit Brief, ECF 160, PageID 6406–43.) Furthermore, just as the original Third Ground for Relief alleged that the State failed to disclose Wallace's prior criminal conduct, the amended claim alleges that the State failed to disclose, among other matters, Wallace's prior criminal conduct (including Wallace's attempt to rob Mr. Williams and the extent of Wallace's drug use on the day in question). (*Id.*) Mr. Williams's amended Third Ground for Relief is thus tied to the same core of operative facts as was set forth in his petition. *See, e.g.*, *Mandacina v. United States*, 328 F.3d 995, 1000–01 (8th Cir. 2003) (relation back was proper where amended *Brady* claim supported same defense theory as the original *Brady* claim).

Similarly, Mr. Williams's amended Twenty-Fifth Ground for Relief relates back to the initial petition. As this Court found when Mr. Williams's prior counsel moved for, and were granted, leave to amend the petition to include his Twenty-Fifth through Twenty-Seventh Grounds for Relief:

> This Court concludes that the three new claims that petitioner seeks to add share a common factual tie with the above [First and Second Ground for Relief] sufficient

2

> to satisfy the *Mayle* standards for the relation back doctrine. Petitioner's new claims are related in time and type to petitioner's first two grounds for relief in that all of the claims pertain to the joinder of offenses involving Wallace to the capital case. Petitioner's argument that Wallace's untruthful testimony corrupted the constitutionality of his conviction and sentence of death relates back to petitioner's initial arguments that the offenses should not have been joined, that he should not have been prevented from testifying with respect to one of the incidents but not the other, and that the evidence concerning the Wallace incident should not have been admitted into the penalty phase of the capital trial.

(Opinion and Order, ECF 85, Page 13–14.) Likewise, Mr. Williams's proposed amended Twenty-Fifth Ground for Relief incorporates those concerns, while acknowledging that the State knew Wallace's testimony was false in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). (*See* Exhibit A; Petitioner's Merit Brief, ECF 160, PageID 6446–56.) Because Wallace's false testimony was directly refuted by evidence the State withheld in violation of Mr. Williams's *Brady* claim (both initial and as amended), it is also tied to the same core of operative facts as was set forth in Mr. Williams's Third Ground for Relief. As a result, Mr. Williams's proposed amendments relate back to his initial petition, pursuant to Rule 15(c)(2).

**III. This Court should grant Mr. Williams leave to amend.**

This Court should grant Mr. Williams leave to amend because (1) he has not demonstrated undue delay in filing, (2) the opposing party has been on notice as to the nature of the amended claims, (3) Mr. Williams has acted in good faith, (4) the Warden will not experience undue prejudice, and (5) the proposed amendments are not futile. *Coe*, 161 F.3d at 341.

Here, Mr. Williams's filing of his Motion to Amend has not been unduly delayed. As this Court has recognized, prior habeas counsel grossly mismanaged Mr. Williams's case before abandoning him entirely. (Opinion and Order, ECF 152, PageID 6211–14; *see also* Merit Brief, ECF 160, PageID 6446.) Following the re-opening of these proceedings and the briefing on the merits, current habeas counsel promptly brings the instant request in accordance with the Court's

3

deadline for filing the Motion to Supplement the Record. (Scheduling Order, ECF 154, PageID 6218.)

Likewise, this case does not demonstrate an instance in which a litigant attempts to amend a pleading to add a new party to the litigation, such that would cause jurisdictional and fairness concerns due to a lack of notice. *See, e.g.*, *Ham v. Sterling Emergency Serv. of the Midwest, Inc.*, 575 F. App'x 610, 615 (6th Cir. 2014). The Warden has long had notice of the nature of the proposed amended claims. *See* § II., *supra*.

Mr. Williams has acted in good faith. Despite the many failures of prior habeas counsel, there is no indication that their actions were dilatory or for the purpose of delay; indeed, their affidavits make clear that their errors were due to gross negligence not bad-faith tactics. (Affidavit of Gregory W. Meyers, ECF 140-1, PageID 5977–78; Affidavit of Richard Cline, ECF 140-2, PageID 5979–82; Affidavit of Melissa Jackson, ECF 140-3, PageID 5983–86; Affidavit of W. Joseph Edwards, ECF 140-4, PageID 5987–88.) Nor is this request made in bad faith or for the purpose of delay.

Similarly, allowing amendment now, after the case has been re-opened will not cause the Warden to experience undue prejudice. To be sure, the Warden has an interest in the finality of the proceedings. But, any prejudice the Warden suffers will not be undue or substantial. "[A] delay of a few months simply cannot be characterized as excessive, especially when the interests serve by allowing the amendment include the full and fair consideration of each constitutional claim that [Mr. Williams], who faces a death sentence, seeks to present for review." (Opinion and Order, ECF 85, Page 15.) After all, "[d]elay by itself is not a sufficient reason to deny a motion to amend." *Coe*, 161 F.3d at 341–42. Here, though, there will not be a delay *at all*. Mr. Williams has argued these claims as if they have already been amended, (*See* Merit Brief, ECF 160, PageID

4

6406–43, 6446–56.), and the Warden had an opportunity to (and did) respond in kind, (Warden's Brief, ECF 163, PageID 6484–89). Because the proposed amendments will bring the petition into conformity with how the claims have already been litigated, no additional briefing will be necessary should the Court grant Mr. Williams leave to amend his petition. Rather, it is a procedural requirement—necessitated by prior counsels' failures and abandonment of Mr. Williams—that Mr. Williams must undertake to enable the court to grant him relief on his Third Ground for Relief and his Twenty-Fifth Ground for Relief.

A claim is futile for the purposes of a request for leave to amend when no set of facts can be proved that would constitute a valid and sufficient claim or defense. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (futility standard follows Civil Rule 12(b)(6) motion to dismiss standard). Here, Mr. Williams has alleged valid constitutional claims for relief, along with factual allegations in support of those claims. That far exceeds the requirements to survive a 12(b)(6) motion. Accordingly, should the Court determine that his Third and/or Twenty-Fifth Grounds for Relief are not meritorious, it should still grant Mr. Williams leave to amend his petition so that he can litigate those claims on appeal. Thus, the proposed amendments are not futile.

**IV. Conclusion.**

For the foregoing reasons, this Court should grant Mr. Williams leave to file an Amended Petition.

Respectfully submitted,

STEPHEN C. NEWMAN (0051928)
Federal Public Defender

/s/ Joseph E. Wilhelm                               /s/ Tiana S. Bohanon
JOSEPH E. WILHELM (0055407)          TIANA S. BOHANON (0100435)
Lead Counsel                                            Research and Writing Attorney

Assistant Federal Public Defender

| | |
|---|---|
| */s/ Alan C. Rossman* | */s/ Aaron Shaum* |
| ALAN C. ROSSMAN (0019893) | AARON SHAUM (0102758) |
| Director, Capital Habeas Unit | Research and Writing Attorney |
| Office of the Federal Public Defender | Office of the Federal Public Defender |
| Northern District of Ohio | Northern District of Ohio |
| 1660 West Second Street, Suite 750 | 1660 West Second Street, Suite 750 |
| Cleveland, Ohio 44113 | Cleveland, Ohio 44113 |
| (216) 522-4856; (216) 522-1951 (f) | (216) 522-4856; (216) 522-1951 (f) |
| Joseph_Wilhelm@fd.org | Tiana_Bohanon@fd.org |
| Alan_Rossman@fd.org | Aaron_Shaum@fd.org |

***Counsel for Petitioner Clifford D. Williams***

### CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2024, a copy of the foregoing **Petitioner Clifford D. Williams's Motion for Leave to File an Amended Petition for Writ of Habeas Corpus** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Joseph E. Wilhelm*
JOSEPH E. WILHELM
Assistant Federal Public Defender
Capital Habeas Unit

6